UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Small,<br><br>                              Plaintiff,<br>     -v-<br><br>Stellar Management LTD,<br>Stellar Management Co., Inc., and<br>Laurence Gluck,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Jonathan Small ("Plaintiff," or "Small"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendants Stellar Management LTD, Stellar Management Co., Inc., and Laurence Gluck (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, FLSA and NYLL overtime wages, contract overtime/overtime wages, and wage deductions, under Article 6 of the New York

Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, he complained of and opposed Defendants' failure to pay him required wages including overtime wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL §§ 215, 198-b, and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Jonathan Small ("Plaintiff" or "Small") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

9. Upon information and belief, and at all times relevant herein, Defendant Stellar Management LTD ("SML") was listed on Plaintiff's W-2 Tax Statements and pay stubs as Plaintiff's employer.

10. Upon information and belief, and at all times relevant herein, Defendant Stellar Management Co., Inc. ("SMCI") was a New York for-profit corporation that also operated as Defendant

Stellar Management LTD.

11. Upon information and belief and at all times relevant herein, Defendant Laurence Gluck ("Gluck") owned and/or operated the corporate defendants as well as the building in which Plaintiff performed his work.

12. Upon information and belief and at all times relevant herein, Defendants shared a place of business at 156 Williams Street New York, NY 10038.

13. At all times relevant herein, Defendants SML, SMCI, and Gluck, individually and/or jointly controlled the employment of Plaintiff and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to plaintiff's employment, among other employment functions.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

15. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

16. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of building ownership and management.

17. Upon information and belief, and at all relevant times herein, Defendants owned and/or operated dozens of buildings and employed more than 50 employees.

18. Plaintiff Thomas was employed by Defendants from in or around May 2019 to on or about January 30, 2020.

19. At all times relevant herein, Defendants, individually and/or jointly, employed Plaintiff as a handyman and performed a variety of manual and physical labor within this capacity.

20. At all times relevant herein, Plaintiff was paid at an hourly rate of $16.75 an hour and

Plaintiff was not paid any wages including overtime wages for his overtime hours worked (hours over 40 in a week).

21. At all times relevant herein, Plaintiff worked about 50-80 or more hours each week for Defendants – 5-7 days a week, but Plaintiff was not paid *any* wages for his overtime hours worked (hours over 40 in a week).

22. A more precise statement of the hours and wages will be made when Plaintiff Thomas obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

23. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

24. In December 2019 and then again in January 2020, Plaintiff complained to Defendants in good faith about their failure to pay him overtime wages. In response, Defendants became angry at Plaintiff, refused to give him work and then terminated Plaintiff in retaliation/discrimination for complaining about Defendants' failure to pay him his overtime wages.

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3).

27. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, had annual revenues and/or expenditures in excess of $500,000.

28. At all times applicable herein, Defendants conducted business with vendors/entities/persons

within the State of New York.

29. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

30. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

31. Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

33. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

38. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint, but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period

preceding the filing of this complaint, but this period may be longer.

## AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the FLSA.

41. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

42. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

43. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

44. Due to Defendants' FLSA overtime wage violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. & 12 NYCRR § 142-2.2, 141-1.4 (Unpaid Overtime Wages)

45. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the

regulations and wage orders thereunder.

47. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2 and 12 NYCRR § 141-1.4.

### Relief Demanded

48. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages

49. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 48 above with the same force and effect as if fully set forth at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

51. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, FLSA and NYLL overtime wages, contract overtime/non-overtime wages, and wage deductions, as required under NY Labor Law § 190 et seq.

52. At all times relevant herein, Defendants, individually, and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an

injunction directing Defendants to comply with NYLL 195(1).

53. At all times relevant herein, Defendants, individually, and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

54. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid non-overtime wages, FLSA and NYLL overtime wages, contract overtime/non-overtime wages and wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### RETALIATION/DISCRIMINATION – FLSA 29 USC § 215 and NYLL § 215,

55. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 62 above as if set forth fully and at length herein.

56. At all times relevant herein, Plaintiff was employed by Defendants, individually, and/or jointly within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

57. At all times relevant herein, Defendant was a covered person or entity within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

58. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 and the NYLL §§ 215, for engaging in protected activity and because of Defendants' practice as further set forth above.

59. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

## Relief Demanded

60. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including § 215.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

61. Declare Defendants to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142, 141 and Article 6 of the NYLL – NYLL § 190 et Seq.

62. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wage compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

63. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wage compensation, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

64. As to his **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime wages, FLSA and NYLL overtime wages, contract overtime/non-overtime wages and wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

65. As to the **Fourth Cause of Action**, award Plaintiff all damages available under the FLSA at

29 USC § 215 and NYLL §§ 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including §§ 215;

66. Award Plaintiff prejudgment interest on all monies due.

67. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

68. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
     **March 24, 2020**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com