USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jonathan Small,

                    Plaintiff,

-against-

Stellar Management LTD et al.,

                    Defendants.

1:20-cv-02540 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

      This case contains claims under the Fair Labor Standards Act. On September 21, 2020, the parties advised the Court that a settlement in principle had been reached on all issues. (ECF No. 18.) On October 2, 2020 an Order was issued on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 21.) On October 10, 2020 the parties submitted their proposed settlement agreement and related papers. (ECF No. 24.) On October 20, 2020, the parties filed supplemental papers, including a copy of the Retainer Agreement, attorney time records and a fully executed settlement agreement. (ECF No. 26.)

      Having reviewed the proposed settlement, the Court finds that it is fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Court notes that the settlement agreement contains a mutual general release and releases a claim not raised in the Complaint, which generally is disfavored. *See, e.g., Basurto, v. Original Ray's Inc. et al.*, No. 19-CV-09748 (VEC), 2020 WL 6151267, at *1 (S.D.N.Y. Oct. 20, 2020). However, where, as here, a plaintiff "will receive a total amount slightly greater than 100% of his potential recovery, the broad release language triggers fewer concerns about employer coercion and supports a finding

that the settlement sum is fair and reasonable." *Cortes v. Bronx Bar & Grill, LLC*, No. 19-CV-02819 (SN), 2019 WL 6318430, at *2 (S.D.N.Y. Nov. 25, 2019).

In the present case, the Court finds that mutual general releases are acceptable because Plaintiff no longer works for Defendant; Plaintiff was represented by experienced counsel; and the release, although it extends to individual and entities other than Defendants, does so only to the extent that such persons or entities are acting on behalf of or in privity with Defendants and to claims arising from their activities as such. *See Souffrant v. 14-15 Mertens Place Corp.*, No. 19-CV-05482 (BCM), 2020 WL 1166231, at *3 (S.D.N.Y. Mar. 11, 2020) (approving agreement when modified to ensure releases extended only to those acting on behalf of or in privity with the parties and was limited to claims arising from actions taken in such capacities); *Khan v. Young Adult Inst., Inc.*, No. 18 -CV-02824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."); *see also Lola v. Skadden, Arps, Meagher, Slate & Flom LLP,* No. 13-CV-05008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement.").

Accordingly, the settlement is approved and this action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk is respectfully requested to close the case.

**SO ORDERED.**

DATED:	New York, New York
	October 21, 2020

_____
STEWART D. AARON
United States Magistrate Judge